FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELISEO GERMAN,

Petitioner - Appellant,

v.

ROBERT A. HOREL, Warden,

Respondent - Appellee.

No. 10-55130

D.C. No. 2:08-cv-04543-AHM-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.[**]

A jury convicted Eliseo German of assault with force likely to result in great

bodily injury and found that he committed the assault for the benefit of a criminal

street gang in violation of California Penal Code section 186.22(b)(1). See People

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

v. Mesa, No. S185688, ___ P.3d ___, slip op. at 8 (Cal. June 4, 2012). On appeal, the California Court of Appeal affirmed.

Through a habeas petition, German now challenges the gang enhancement as not supported by substantial evidence. See Jackson v. Virginia, 443 U.S. 307 (1979).

"Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." Coleman v. Johnson, No. 11-1053, 566 U.S. ___, slip op. at 1 (May 29, 2012) (per curiam); see also Parker v. Matthews, No. 11-845, 567 U.S. ___, slip op. at 7 (June 11, 2012) (per curiam) (applying this "twice-deferential standard" and holding that a state supreme court's rejection of a Jackson claim was "controlling in this federal habeas proceeding"). On habeas review, we "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because [we] disagree[] with the state court"; rather, we may do so only if the state court decision was "objectively unreasonable." Coleman, slip op. at 1-2 (internal quotation marks omitted).

Here, the testimony of a gang expert regarding, among other things, how a gang might benefit from committing attacks on others was sufficient to support the gang enhancement.

**AFFIRMED**.